UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | Case No. 1:24-cv-878 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| CUYAHOGA COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Jane Doe suit against Defendant Cuyahoga County and fifteen other entities and individuals in their individual and official capacities. Defendants George Eversman, MetroHealth Foundation, MetroHealth System, Tanu Thakur, and Eddairis Vallejo seek to amend their answer, to add three affirmative defenses. (ECF No. 16). Plaintiff opposes. (ECF No. 21.) For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to amend.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 16, 2022, Plaintiff Jane Doe filed a complaint against Cuyahoga County and fifteen other individuals in their individual and official capacities. (ECF No. 1.) Defendants George Eversman, MetroHealth Foundation, MetroHealth System, Tanu Thakur, and Eddairis Vallejo answered on August 2, 2024. (ECF No. 5.) On October 2, 2024, the Court held a case management conference and set a schedule that included a deadline of October 17, 2024 to amend the pleadings. (ECF No. 14, PageID #169.) On that date, these Defendants moved to amend their answer,

seeking to add three additional affirmative defenses. (ECF No. 16.) Defendants seek to add the following affirmative defenses:

1. Defendants were at all relevant times acting in their capacity as private medical providers and not under the color of state law.

2. Plaintiff improperly attempts to pursue her claims under pseudonym without just cause and inconsistent with procedural and substantive law.

3. Plaintiff's claims are barred due to insufficiency of service and service of process.

(ECF No. 16-1, PageID #207.) Plaintiff opposes the motion, arguing that the insufficiency of service defense is at best manufactured and at worst waived and irrelevant. (ECF No. 21, PageID #265.)

## ANALYSIS

Under Rule 8, when responding to a pleading, a party is required to present affirmative defenses. Fed. R. Civ. P. 8(c). Rule 15 directs courts to give leave to amend freely in response to timely applications. Fed. R. Civ. P. 15(a)(2). Absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice, or futility, courts should freely grant leave to amend. *Doe v. College of Wooster*, 243 F. Supp. 3d 875, 884–85 (N.D. Ohio 2017) (citing *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013)).

Regarding the first two defenses Defendants seek to assert, the Court finds that Defendants timely filed the motion to amend. Although neither falls within the affirmative defenses listed under Rule 8(c)(1), there is no undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility if

the Court were to grant the amendment. Accordingly, granting leave to amend freely, the Court **GRANTS** Defendants' motion as to affirmative defenses regarding capacity and proceeding by pseudonym.

Defendants' defense regarding the sufficiency of service and service of process require a different analysis. Under Rule 12(b), a defendant must present these defenses in the responsive pleading or by motion. Fed. R. Civ. P. 12(b)(4) & (5). "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12. That means a defendant waives these defenses if not raised at the earliest opportunity, including in an amendment *as a matter of course*. Fed. R. Civ. P. 12(h)(1). Such a rule makes sense. After all, a defendant who intends to argue that service or service of process was somehow deficient cannot very well show up, defend, then play that card later if the case turns against him. Here, Defendants seek leave under Rule 15(a)(2)—not leave as a matter of course. Therefore, under plain of application of Rule 12, the Court finds that Defendants waived the defenses of insufficient service and insufficient service of process. Accordingly, the Court **DENIES** this part of Defendants' motion.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motion to amend the answer of Defendants George Eversman, MetroHealth Foundation, MetroHealth System, Tanu Thakur, and Eddairis Vallejo. Defendants shall file an amended answer in accordance with this Order.

**SO ORDERED.**

Dated: December 11, 2024

                                             *J. Philip Calabrese*
                                             J. Philip Calabrese
                                             United States District Judge
                                             Northern District of Ohio