# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | Case No. 1:24-cv-878 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| CUYAHOGA COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Jane Doe filed suit against Defendant Cuyahoga County and fifteen other entities and individuals in their individual and official capacities, alleging deprivation of parental rights, including denial of access to a minor child who was in legal custody of Plaintiff, denial of access to medical treatment, denial of access to medical records, and removing, without legal authority to do so, a child from the legal custody of Plaintiff while giving legal custody to another person.  Plaintiff Jane Doe seeks to proceed pseudonymously.  For the reasons that follow, the Court **DENIES** Plaintiff Jane Doe's motion to proceed while shielding her identity on the public docket.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 16, 2022, Plaintiff Jane Doe filed a complaint against Cuyahoga County and fifteen other individuals in their individual and official capacities, bringing due-process and other claims under 42 U.S.C. § 1983 and a violation of State law.  (*See generally* ECF No. 1.)

Plaintiff alleges that on May 16, 2022 her daughter, Donna Doe, was transported from Ms. Doe's residence to MetroHealth Brecksville Health and Surgery Center after Donna expressed an intent to harm herself.  (ECF No. 1, PageID #7.) Ms. Doe arrived at MetroHealth and provided a copy of a court order, requiring that she be permitted to attend any medical appointments for her daughter.  (*Id.*, ¶¶ 32 & 39, PageID #7.)  Plaintiff alleges that employees of MetroHealth refused to abide by and acknowledge the legal effect of the enforceable court order.  (*Id.*, ¶40, PageID #8.)

At MetroHealth, Ms. Doe claims she was initially permitted in her daughter's treatment room, but she was eventually removed and refused reentry.  (*Id.*, ¶¶ 43, 45 & 48, PageID #8.)  Robert Doe, Donna's father divorced from Ms. Doe, was allegedly granted access to Donna's treatment room for the duration of her stay.  (*Id.*, ¶ 47, PageID #8.)  During this time, Ms. Doe claims that Defendant Dr. Eversman put a "safety plan" in place, preventing Ms. Doe from seeing her daughter and exercising her rights under the court order.  (*Id.*, ¶¶ 65–69, PageID #9–10.)  Ms. Doe alleges that it is unclear whether this safety plan remains in effect.  (*Id.*, ¶ 70, PageID #10.)  She alleges that Donna was later discharged to her father, despite current visitation with Ms. Doe, and that Ms. Doe was not informed of the discharge.  (*Id.*, ¶¶ 81 & 82, PageID #11.)  According to the complaint, the summary of this visit to the emergency room lists Donna's diagnosis as "adjustment reaction" and names the reason for the visit as "suicidal ideations."  (*Id.*, ¶¶ 72–73, PageID #10.)

Plaintiff filed suit, alleging: (1) violation of substantive due process under 42 U.S.C. § 1983; (2) denial of due process under 42 U.S.C. § 1983; (3) policies and

2

practice that violate her civil rights under Section 1983; and; and (4) interference with custody under Section 2919.23(A)(1) of the Ohio Revised Code.  (ECF No. 1, PageID #11–19.)  Defendant Cuyahoga County and the fifteen other individuals in their individual and official capacities deny the allegations.  (ECF No. 5; ECF No. 7.)  Ms. Doe moves to proceed under a pseudonym.  (ECF No. 3.)  Defendants oppose. (ECF No. 17.)

## ANALYSIS

A motion to proceed by pseudonym asks a court to weigh a plaintiff's privacy interests against the strong presumption favoring open judicial proceedings.  *See Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983).  Generally, "[t]he public has a right to know who the parties are." *Signature Mgmt. Team, LLC v. Doe*, 323 F. Supp. 3d 954, 959 (E.D. Mich. 2018) (citing *Signature Mgmt. Team*, *LLC v. Doe*, 876 F.3d 831, 838 (6th Cir. 2017)).  But exceptional circumstances may override that interest.

"Proceeding pseudonymously is the exception rather than the rule, and a plaintiff faces a heavy burden to avoid her obligation under the rules of civil procedure to disclose her identity." *Doe v. University of Akron*, No. 5:15-cv-2309, 2016 WL 4520512, at *2 (N.D. Ohio Feb. 3, 2016) (internal quotations omitted).  The Sixth Circuit identifies four considerations to guide this determination:

(1)     Whether the plaintiffs seeking anonymity are suing to challenge governmental activity;

(2)     Whether the prosecution of the suit will compel the plaintiffs to disclose information "of the upmost intimacy";

3

> (3)     Whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and
>
> (4)     Whether the plaintiff are children.

*Porter*, 370 F.3d at 560 (quoting *Doe v. Stegall*, 623 F.2d 180, 185–86 (5th Cir. 1981)). Courts also consider whether allowing a plaintiff to proceed by pseudonym would force a defendant to litigate with insufficient information to defend its case. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

In this case, both Plaintiff and Defendant acknowledge that the third factor does not apply on the facts alleged. (ECF No. 3, PageID #81; ECF No. 17, PageID #210.)  Therefore, the Court focuses on factors one, two, and four.

## I.     Challenging Governmental Activity

Plaintiff challenges the decisions that Defendants made, resulting in denial of access to a minor and the creation of a safety plan.  However, the existence of a challenge to government activity does not substantiate a finding of anonymity on its own.  *Stegall*, 653 F.2d at 186.  Instead, this factor requires a court to examine whether, in challenging governmental activity, the "plaintiffs [must] reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment." *Ericksen v. United States*, No. 16-cv-13038, 2017 WL 264499, at *2 (E.D. Mich. Jan. 20, 2017) (quoting *Porter*, 370 F. 3d at 560); *see also Williams v. Cuyahoga Cnty.*, No. 1:23-cv-1879, 2024 WL 468375, at *2 (N.D. Ohio Feb. 7, 2024).

Plaintiff argues that while her behavior was not criminal, the false accusations within the case were criminal in nature, exposing her to infamy.  (ECF No. 3, PageID #79–80.)  Defendants contend that Plaintiff fails to identify beliefs about a sensitive

topic that she would be forced to reveal by proceeding under her own name.  (ECF No. 17, PageID #212.)   Additionally, Defendants assert that by suing Cuyahoga County, and naming four individuals, Plaintiff should not be permitted to name and level accusations against those individuals, subjecting them to reputational harm, while concealing her own identity.  (*Id.*, PageID #213).

The Court assumes for purposes of this test that MetroHealth and its employees are governmental actors.  While Plaintiff will likely have to provide further details about her own experience, the core of Plaintiff's claims and arguments involve processes and decision-making, not Plaintiff's personal views on child abuse, neglect, or another matter exposing her to a risk that does not normally arise in the course of civil litigation.  For example, there is no reasonable basis to believe that Plaintiff will suffer harassment as a result of this lawsuit.  Nor do the positions for which she will advocate in the course of this case expose her to undue collateral consequences of this sort.  This factor suggests that proceeding by pseudonym is not appropriate.

## II.     Disclosure of Intimate Information

Next, the Court examines whether Plaintiff Jane Doe will be forced to disclose information "of the utmost intimacy" during the litigation.  *Porter*, 370 F.3d at 560.  Litigants must demonstrate that they or their family may be subject to a level of danger and condemnation if their identity becomes known, similar to that associated with criminal behavior.  *Id.*

Plaintiff argues that if she is not able to proceed under pseudonym, a minor's medical records, including treatment history beyond the services received during the incident, would be relevant in the litigation.  (ECF No. 3, PageID # 80.)  Also, she

raises concern that the case will delve deeply into family affairs, including her relationship with her children and their father, the extended litigation over custody, and the children's medical records.  (*Id.*)

Though the Court appreciates the sensitive nature of Plaintiff Jane Doe's disclosure and all that goes with it in the context of a case of this sort, this concern does not outweigh the presumption of openness.  Indeed, courts reject such requests where proceedings reveal the identity of adults who were the victims of child pornography, *see K.R.B. v. Elizabethtown Indep. Sch. Dist.*, No. 3:17-cv-605, 2017 WL 11483915, at *1 (W.D. Ky. Dec. 7, 2017), disclose disabilities, *Doe v. Carson*, Nos. 19-1566/19-1714, 2020 WL 2611189, at *2 (6th Cir. May 6, 2020), and or disclose psychological issues and associated medications, *Doe v. University of Akron*, No. 5:15-cv-2309, 2016 WL 4520512, at *3–5 (N.D. Ohio Feb. 3, 2016).  Additionally, the Court routinely issues protective orders to ensure sensitive documents about such matters are not made public.

Plaintiff Jane Doe makes one additional argument, for the first time in her reply, arguing that this case should be decided in line with another case from this District, which found that proceeding by pseudonym was appropriate where the plaintiff would be likely to disclose sensitive information contained in Ohio's abused child registry. *Doe v. Cuyahoga Cnty*, No. 1:22-cv-1677, 2023 WL 2374870, at *3 (N.D. Ohio Mar. 6, 2023).  Setting aside the impropriety of making a new argument for the first time in reply, in that case the defendants did not oppose the plaintiff's motion to proceed by pseudonym.  *Id.* at *1.  Moreover, in a similar case, the Court took a

different approach.  *See Williams v. Cuyahoga Cnty.*, No. 1:23-cv-1879, 2024 WL 468375, at *2 (N.D. Ohio Feb. 7, 2024).

### III.    Age of Majority

Finally, the Court considers whether Plaintiff is a minor or brings the case on behalf of a minor.  *Porter*, 370 F.3d at 561.  Plaintiff argues that although she is an adult, the case centers around the medical mistreatment of a child.  (ECF No. 3, PageID #81.)

Plaintiff fails to satisfy this prong because she is not a minor and does bring suit on behalf of her child, who was a minor at the time of the incident.  (ECF No. 3, PageID #81; ECF No. 1, ¶24, PageID #6).  While the Court recognizes that a minor was involved in the underlying events, again a protective order should suffice to protect against improper disclosures involving her.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff Jane Doe's motion to proceed pseudonymously.  The Court will issue a separate order, if necessary, following a ruling on Defendants' pending motions for judgment on the pleadings for amending the complaint in light of this decision.

    **SO ORDERED.**

Dated:  December 11, 2024

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio